# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDITH COLEMAN,**

           **Plaintiff,**

**-vs-**                                         **Case No. 6:09-cv-1254-Orl-DAB**

**THE GOLF CHANNEL, INC. et al,**

           **Defendants.**

_____/

## ORDER OF APPROVAL AND DISMISSAL

The matter comes before the Court on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE FLSA SETTLEMENT (Doc. No. 17)** |
| **FILED:** | **May 7, 2010** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Court has been advised by the parties that the above-styled action has been completely settled (Doc. No. 16). As the Complaint includes a claim under the Fair Labor Standards Act ("the FLSA"), however, the parties file the instant motion, as supplemented (Doc. No. 19), in order to seek Court approval of the settlement, with respect to that claim only.[1] Upon review, the Court finds the settlement to be a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and approves same.

---

[1] As the parties correctly note, Court approval is unnecessary with respect to the settlement terms for the other claims in the suit, so long as they do not serve to contaminate the agreement with respect to the FLSA claim.

When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), *citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114. Here, the parties represent that there was a significant coverage dispute with respect to whether Plaintiff was an exempt employee during the time period of January 4, 2007 through July 16, 2008. The parties agree that, if Plaintiff was not an exempt employee, her overtime claim for the period "likely ranges from $0 to $6,728.00." The parties contend that given the legal uncertainty of Plaintiff's exemption status, the settlement -- which provides for $1,250.00 to the Plaintiff in full satisfaction of her unpaid overtime claims and $1,250.00 in full satisfaction of her claim for liquidated damages, in addition to attorneys fees – is a fair and reasonable compromise. The Court agrees.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). Here, the parties have stipulated to an amount of $2,500.00 to the Plaintiff's attorneys in full satisfaction of her attorneys' fees; an amount which both sides contend is reasonable. In support of the claimed fees, the parties present the affidavit of Plaintiff's counsel (Doc. No. 17-2). The Court finds this document (with time sheet) to be of limited use, however, as it appears to set forth time spent on the entire case on Plaintiff's behalf, not just time dedicated to the FLSA claim. In view of the limited amount sought in fees, counsel's representation that no sums will be deducted

from these amounts after application of any fee agreement between him and the Plaintiff, and the lack of any objection to the amount, the Court will **approve** same. The Court therefore finds the settlement terms[2] outlined above to be a fair and reasonable resolution of a bona fide FLSA dispute, **approves the settlement** and **grants** the motion.

As the parties have stipulated that they have fully settled the entire case, pursuant to Local Rule 3.08(b) of the Middle District of Florida, it is

**ORDERED** and **ADJUDGED** that this cause is hereby **DISMISSED** with prejudice subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final order or judgment.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] The Settlement Agreement (Doc. No. 17-1) contains many additional non-monetary terms that the Court need not and does not approve or disapprove.